**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TAMMY MURRAY, et al.,

        Plaintiffs,        CIVIL ACTION NO. 07-CV-10798-DT

  VS.                    DISTRICT JUDGE ANNA DIGGS TAYLOR

SCOTT ATKINSON, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery and for Sanctions filed on May 11, 2007. (Docket no. 11). Defendants have responded to the motion. (Docket no. 14). The parties have filed a Statement of Resolved/Unresolved Issues. (Docket no. 17). This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 12). The Court heard oral argument on this motion on July 16, 2007. The motion is now ready for ruling.

Plaintiffs began this action in state court. Plaintiff Tammy Murray alleges that she was sexually harassed by the police in the City of Taylor after she was arrested for drunk driving. The parties agreed that Plaintiffs could file an Amended Complaint and that Defendants would then remove the action to federal court. Plaintiffs' Amended Complaint was filed on February 15, 2007. (Docket no. 1). The case was then removed to this Court on February 23, 2007. Plaintiffs' Amended Complaint added a Plaintiff, added a Defendant, and added claims under 42 U.S.C. § 1983. (*Id.*)

Plaintiffs served four sets of Interrogatories and Requests for Production of Documents, and Defendants answered each set before this case was removed to federal court. Plaintiffs now move to

compel Defendants to respond more fully to ten of the Requests for Production of Documents that were served in state court. (Docket nos. 11, 17).

Defendants oppose Plaintiffs' motion. They argue that Plaintiffs' counsel failed to comply with this Court's rules requiring him to seek concurrence before this motion was filed. Defendants also contend that they should not be forced to answer more fully discovery that was served and answered in state court. Defendants argue that if these discovery requests had been served in federal court they would have objected based on the number of requests posed exceeding the federal limit. Also, Defendants point out that by their Motion to Modify Scheduling Order filed in this Court in April 2007, Plaintiffs sought to limit the federal discovery period because discovery periods had been completed prior to removal by Defendants.

Plaintiffs fail to state in their motion that they sought the concurrence of opposing counsel before filing this motion. At oral argument, Defendants' counsel stated that she was not notified before this motion was filed. Plaintiffs' counsel stated that he could not recall whether he gave the required notice. The Court finds that Plaintiffs failed to follow this Court's rule requiring them to seek the concurrence of opposing counsel before filing this motion. E.D. Mich. LR 7.1(a). Plaintiffs fail to state under which federal rule they are proceeding. Rule 37(a), Fed. R. Civ. P., allows this Court to compel discovery under some circumstances. However, before a party may apply for such an order the party must give "reasonable notice to other parties and all persons affected thereby." By failing to seek concurrence Plaintiffs also failed to comply with Rule 37(a).

Moreover, the discovery requests to which Plaintiffs seek to compel answers or responses were served and answered under the state court rules and not the federal rules of discovery. Rule 37(a)(2)(B) allows this Court to compel discovery if a party fails to properly respond to a request "submitted under Rule 34." Rule 34 is the rule governing the production of documents in federal discovery. All of the

2

requests at issue in Plaintiffs' motion are production requests. However, because Plaintiffs filed their discovery requests in state court, the requests at issue were not filed under Rule 34. This Court may not compel the production of documents which were requested under state law absent an agreement among the parties that state court discovery will be used in, and that requests already served may be compelled in, the federal proceeding. *See Dufrene v. Pellittieri*, 1996 WL 502459 (E.D. La. Sept. 4, 1996) (denying motion to compel discovery in federal case of requests submitted under state law in pending and related state court action based on language of Fed. R. Civ. P. 37(a)). The parties agreed at oral argument that no such agreement exists in this case.

For these reasons, Plaintiffs' Motion to Compel and for Sanctions will be denied. The Court notes that there is still a short period of time remaining for discovery requests to be filed in this action. This ruling does not prohibit Plaintiffs from filing another motion that they may deem to be appropriate under the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery and for Sanctions (docket no. 11) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 18, 2007        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 18, 2007                              s/ Lisa C. Bartlett
                                                                      Courtroom Deputy