# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MURRAY, et al.,

      Plaintiffs,        CIVIL ACTION NO. 07-CV-10798

 VS.                       DISTRICT JUDGE ANNA DIGGS TAYLOR

ATKINSON, et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL

These matters come before the Court on two motions. The first is Plaintiffs' Motion to Compel Discovery and for Sanctions filed on August 22, 2007. (Docket no. 19). Defendants filed a Response on September 4, 2007. (Docket no. 21). The second motion is Plaintiffs' Motion to Compel Discovery and for Sanctions filed on October 1, 2007. (Docket no. 34). Defendants filed a Response on October 10, 2007. (Docket no. 38). The Court heard oral argument on November 7, 2007. Two additional Motions to Compel were resolved by the parties prior to the hearing. (Docket nos. 22, 26). These matters are therefore ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 20, 35).

This is an action in which Plaintiff Tammy Murray alleges that she was sexually harassed by the police of the City of Taylor after she was arrested for drunk driving. Plaintiff originally filed this action in state court. The parties agreed that Plaintiff could file an Amended Complaint and that Defendants would then remove the action to federal court. Plaintiffs' Amended Complaint was filed on February 15, 2007. (Docket no. 1). The case was then removed to this Court on February 23, 2007. Plaintiffs' Amended Complaint added a Plaintiff, a Defendant, and claims under 42 U.S.C.

§ 1983. (Docket no. 1). In state court Plaintiff served four sets of Interrogatories and Requests for Production of Documents and Defendants answered each set before removal. The Court previously entered an Opinion and Order dated July 18, 2007 denying Plaintiffs' first Motion to Compel Discovery and for Sanctions filed May 11, 2007. (Docket nos. 11, 18). Plaintiffs have resubmitted two sets of Interrogatories and Requests for Production of Documents following removal of this action to this Court.

In their Statement of Resolved and Unresolved Issues , the parties state that the unresolved issues are: Plaintiffs' Motion to Compel (Docket no. 19) Request Nos. 4, 11, 14, 15 and 16 and Plaintiffs' Motion to Compel (Docket no. 34) as to whether the depositions of Chief Tamsen and Commander Helvey should go forward.

1. *Request No. 4: Video Recording of Plaintiff Taken at the Jail*

At the hearing Plaintiffs' counsel indicated that the only issue remaining as to Request No. 4 is that Plaintiffs have asked to view the original video taken of Plaintiff Tammy Murray at the jail. Defendants and Plaintiffs agree that Defendants have already supplied Plaintiffs with a copy of the video. Defendants confirmed at the hearing that they had agreed to allow Plaintiffs' to view the original recording at the jail. Plaintiffs ask that the Court enter an order allowing Plaintiffs to view the video, and, to the extent Plaintiffs may determine that the recording is not the same as the copy already provided to Plaintiffs, that Defendants be ordered to provide a complete copy of the original video recording. The parties do not deny that this information is relevant to the claims or defenses in this action. Accordingly, Plaintiffs' Motion to Compel the viewing and production of the original recording will be granted. Fed. R. Civ. P. 26(b)(1).

2. *Request No. 11: Copies of Internal Affairs Investigations and Citizen Complaint Investigations from 1995 to Present*

Request No. 11 asks for copies of all internal affairs investigations and "citizens complaints investigations" from 1995 to present alleging that the police department improperly treated female prisoners or improperly handled injured or suicidal prisoners. Defendants answered that this request had been "asked and answered" and objected that the request is overbroad, vague and ambiguous and that some of the information may be protected by the executive privilege. Defendants also denied that the information was material or relevant. Defendants stated that they have already provided the written policies and procedures relating to the handling of complaints, prisoners, the treatment of injured and/or suicidal prisoners, and they referenced the policies and procedures involving the field officer's training program, which they claim they provided.

Merely providing the policies and procedures described above is an insufficient response to Request No. 11 under the federal rules. Rule 26(b), Fed. R. Civ. P., allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Request No. 11 is limited in scope of time and seeks to elicit information regarding custom or practice relevant to Plaintiffs' Constitutional claim. Defendants in their Response Brief generally allege that the material may be subject to a medical privilege of the prisoners. However, Defendants do not identify any legal authority relating to a medical privilege and it does not appear that Defendants have reviewed the requested documents to determine if a privilege exists or whether the documents should be subject to a protective order.

To the extent that Defendants allege that some of the material may be subject to an executive privilege, the executive privilege applies to documents "which reflect advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions are formulated." *Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material,

including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973) and *Wood v. Breier*, 54 F.R.D. 7, 12 (E.D. Wis. 1972). Documentation of civilian complaints and any resultant investigation are relevant and necessary to Plaintiffs' burden of establishing policy or custom as it alleges against Defendant City of Taylor. *See Torres v. Kuzniasz*, 936 F. Supp. 1201, 1206 (D.C. N.J. 1996). Plaintiffs' Motion to Compel these documents will be granted. The Court will order Defendants to produce all internal affairs investigations and "citizens complaints investigations" from 1995 to present alleging that the police department improperly treated female prisoners or improperly handled injured or suicidal prisoners. The Court will further order that if, after inspection, Defendants assert that any portions of the documents contain advisory opinions, recommendations or deliberations which may be subject to an executive privilege, Defendants will produce those documents to the Court for in camera inspection.

   *3. Request No. 14: Records from 2000 to Present Containing "Suicidal" Notations*

Request No. 14 asks for "all records, including all lock-up logs having "suicidal" notations from 2000 to the present." Defendants claim that this request has been "asked and answered" and object that this request is "vague, overbroad, ambiguous and additionally involves the privacy rights of numerous individuals whose names are contained on such logs" and "requests information which constitutes medical information about such individuals." This request is limited in scope of time and seeks to elicit information regarding custom or practice relevant to Plaintiffs' Constitutional claim. Defendants do not claim the material is privileged. Therefore it is subject to production under Rule 26(b), Fed. R. Civ. P.

To the extent that Defendants argue that production of this information violates the privacy rights of individuals, Defendants have failed to file the appropriate motion for a protective order. Furthermore, a criminal suspect does not have a constitutional right to privacy. *See Bailey v. City of Port Huron*, No. 06-2375, slip op. at 3 (6th Cir. Nov. 1, 2007) ("there is no constitutional right to privacy in one's criminal record").

Finally, Defendants allege in their Response Brief that they cannot release medical information about the individuals without an authorization. Under Rule 34(b), Fed. R. Civ. P., if a Request is objected to, the reasons for the objection shall be stated. "If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." Fed. R. Civ. P. 34(b). Defendants do not specify the "medical information" which they object to providing and do not provide enough information to determine whether or not the objection is valid. Defendants did not meet the requirements under Rule 34(b) for objecting to this production. Furthermore, they neither claim that this generally described "medical information" is subject to a privilege, nor do they seek a protective order for the information. Defendants provide no legal support for the assertion that such information cannot be released without an authorization. Plaintiffs' Motion to Compel documents responsive to Request No. 14 will be granted.

    *4.    Request Nos. 15 and 16: All Records For Those Considered Suicidal or Identified as Injured While At The Taylor Jail*

Request No. 15 asks for "any and all records, including addresses and phone numbers of those considered to be suicidal while at the Taylor jail." Request No. 16 asks for "all records, including but not limited to individuals who were identified as injured prisoners at the Taylor jail." Rule 26(b), Fed. R. Civ. P., allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Rule 34(b), Fed. R. Civ. P., requires that a document request "shall

5

set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Plaintiffs' Request Nos. 15 and 16 are overly broad, not tailored to elicit relevant documents, not limited in scope of time and do not describe the documents sought with reasonable particularity. Plaintiffs Motion to Compel Responses to Request Nos. 15 and 16 will be denied.

    *5. Plaintiffs' Depositions of Chief Tamsen and Commander Helvey*

Defendants do not dispute that Plaintiffs noticed the depositions of Chief Tamsen and Commander Helvey before discovery closed on August 1, 2007. However, Plaintiffs conceded at the hearing that they have already taken nine depositions in this matter. Therefore, Plaintiffs are only allowed one more deposition under Fed. R. Civ. P. 30(a)(2), without seeking leave of Court or the written stipulation of the parties. Plaintiffs have sought neither. Defendants did not file a motion seeking a protective order or otherwise object to the noticed depositions, and do not argue against the relevancy of the depositions. At the hearing, Plaintiffs responded that they seek the deposition of Chief Tamsen as their tenth deposition under Rule 30. Therefore, Plaintiffs' Motion to Compel as to Chief Tamsen's deposition will be granted. Plaintiffs' Motion to Compel as to the deposition of Commander Helvey will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 19) is **GRANTED** as to Request No. 4 as set forth above. On or before November 30, 2007 Defendants will provide a date convenient to both parties for Plaintiffs to view the original video recording of Plaintiff Tammy Murray at the Taylor jail. The viewing will take place on or before December 11, 2007. Plaintiffs are further ordered to provide one copy of the original video

6

recording to Plaintiffs if Plaintiffs request a copy in writing after viewing the original recording.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Discovery (docket no. 19) is **GRANTED** to the extent that on or before November 30, 2007 Defendants will provide documents responsive to Request Nos. 11 and 14. To the extent that Defendants assert that any portions of the documents responsive to Request No. 11 contain advisory opinions, recommendations or deliberations which may be subject to an executive privilege, Defendants will produce those documents to the Court for in camera inspection on or before November 30, 2007. Plaintiffs' Motion to Compel Discovery is **DENIED** as to Request Nos. 15 and 16.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Discovery (docket no. 34) is **GRANTED** to the extent that on or before November 30, 2007 Plaintiffs will re-notice the deposition of Chief Tamsen to be completed on a date convenient to all parties and prior to December 18, 2007. Plaintiffs' Motion to Compel Discovery as to the deposition of Commander Helvey is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 20, 2007          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order has been served upon Counsel of Record on this date.

Dated: November 20, 2007          s/ Lisa C. Bartlett
                                  Courtroom Deputy